## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LOCAL NO. 85, AMERICAN FEDERATION | ) | |
| OF GOVERNMENT EMPLOYEES, and | ) | |
| DEBRA MCDOUGAL, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **No. 05-2130-KHV** |
| | ) | |
| CITY OF LEAVENWORTH, KANSAS, and | ) | |
| R. JAMES NICHOLSON, Secretary of | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Local No. 85 of the American Federation of Government Employees (the "Union") and Debra McDougal, president of the Union and property owner and taxpayer in the City of Leavenworth, Kansas ("Leavenworth" or "the City"), bring suit against the City and R. James Nicholson, Secretary of the Department of Veterans Affairs ("the VA"). Plaintiffs challenge a contract between the City and the VA under which the City agreed to provide fire protection services to the VA Hospital in Leavenworth (the "VA Hospital"). Plaintiffs claim that the contract is null and void because it (1) violates the Supremacy Clause of the United States Constitution; (2) results from an illegal conflict of interest by the City's mayor; and (3) binds future legislative bodies in violation of the reserved powers doctrine. See Pretrial Order (Doc. #43) filed March 14, 2006 at 2, 7-8. Plaintiffs seek to enjoin the City from performing under the contract. This matter comes before the Court on Defendant Nicholson's Motion To Dismiss (Doc. #17) filed September 6, 2005 and Defendant City

Of Leavenworth, Kansas' Motion To Dismiss (Doc. #28) filed October 24, 2005.[1]  For reasons stated

below, the Court sustains the motions in part.

## Legal Standards

Defendants seek to dismiss plaintiffs' claims under Rules 12(b)(1) and (6), Fed. R. Civ. P.,

for lack of subject matter jurisdiction and failure to state a claim.  Rule 12(b)(1) motions generally

take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations.

Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United

States, 922 F.2d 320, 325 (6th Cir. 1990)).  Defendants challenge the face of the complaint, so the

Court presumes the accuracy of plaintiffs' factual allegations and does not consider evidence outside

the complaint.  Id.  Courts may exercise jurisdiction only when specifically authorized to do so, see

Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of

the proceeding in which it becomes apparent that jurisdiction is lacking."  Scheideman v. Shawnee

County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power

& Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).  Because federal courts are

courts of limited jurisdiction, the law imposes a presumption against their jurisdiction.  Marcus v.

Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).  Plaintiffs sustain the burden of

showing that jurisdiction is proper, see id., and must demonstrate that the case should not be

dismissed.  See Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D.

---

[1]      Defendants' motions to dismiss address plaintiffs' Second Amended Complaint (Doc. #8) filed June 30, 2005.  On March 14, 2006, the Court entered the pretrial order in this case. See Pretrial Order (Doc. #43).  Because the pretrial order supercedes the pleadings and controls the subsequent course of the case, see Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(c); Hernandez v. Alexander, 671 F.2d 402, 407 (10th Cir. 1982), the Court refers to the pretrial order to identify plaintiffs' factual allegations and claims in the case.

Kan. 1993).  Conclusory allegations of jurisdiction are not enough.  Id.

In ruling on a Rule 12(b)(6) motion, the Court accepts as true all well pleaded facts and views them in a light most favorable to plaintiffs.  Zinermon v. Burch, 494 U.S. 113, 118 (1990).  The Court makes all reasonable inferences in favor of plaintiffs, and liberally construes the pleadings.  Rule 8(a), Fed. R. Civ. P.; Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993).  The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that plaintiffs can prove no set of facts which would entitle them to relief.  Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan., 927 F.2d 1111, 1115 (10th Cir. 1991).  Although plaintiffs need not precisely state each element of their claims, they must plead minimal factual allegations on material elements that must be proved.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Defendants bear the burden to show that plaintiffs cannot prove any set of facts which would entitle them to relief.  See, e.g., Gould Elec. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998); Schrag v. Dinges, 788 F. Supp. 1543, 1552 (D. Kan. 1992).

**Facts**

Plaintiffs allege the following facts:

The Union is the representative and bargaining agent for its members, who include persons who worked at the VA Hospital as firefighters and emergency medical personnel.  Pretrial Order (Doc. #43) filed March 13, 2006 at 3 ¶ 4(a)(1), 5.  McDougal is president of the Union.  She also owns property and pays taxes in the City.  Id. ¶ 4(a)(3).

In January of 2005, the City and the VA entered into a contract under which, for payment in excess of $300,000 per year, the City agreed to provide fire protection and emergency medical services to the VA Hospital.  Id. at 5.  Under the contract, the VA has the option to renew the contract

3

annually for five years.  Id.

The City's governing body approved the fire services contract with the VA by a vote of 3 to 2. Id.  The governing body included the mayor, Brian D. Grittman, who voted in favor of the contract. Id.  At the time he voted for the fire services contract, Grittman was an employee of the United States Department of Defense.[2]  Id. at 3 ¶ (4)(a)(4), 5.  Pursuant to K.S.A. §§ 25-2020, 25-2110 and 25-2110a, Grittman disclosed his employment through Form CS – Candidates Declaration of Intention, filed with the City clerk.  Id. at 3 ¶ 4(a)(5).

As a result of the fire services contract, members of the Union lost their jobs as firefighters and emergency medical personnel.  Id. at 5.  These members were either separated from employment or transferred to other positions within the VA.  Id.

The fire services contract between the VA and Leavenworth will result in decreased quality of fire protection services within the City and/or increased City taxes.  Id.

## Analysis

Plaintiffs claim that the fire services contract is null and void because (1) it violates the Supremacy Clause of the United States Constitution; (2) Grittman had a conflict of interest when he participated in discussions regarding the contract and voted in favor of it; and (3) granting the VA the right to renew the contract constitutes an illegal delegation of the City's governmental power and purports to bind future legislative bodies in violation of the reserved powers doctrine.  Id. at 6-7. Plaintiffs ask the Court to declare the fire services contract null and void and to enjoin the City from performing under the contract.

---

[2]        According to the complaint, Grittman works as an accounting systems analyst for the Department of Defense.  Second Amended Complaint (Doc. #8) filed June 30, 2005 ¶ 11.

The City seeks dismissal based on the following grounds: (1) plaintiffs lack standing because their injury claim is conjectural and speculative; (2) plaintiffs lack standing because the Supremacy Clause does not confer a private right of action; (3) plaintiffs' claim does not arise under federal law; (4) plaintiffs lack standing to assert a claim under K.S.A. § 60-907; and (4) the fire services contract is not an unlawful delegation of governmental power.  Nicholson argues that plaintiffs do not state a claim under the Supremacy Clause.[3]

## I.    Standing

Article III, Section 2 of the United States Constitution extends federal judicial power only to "cases" or "controversies."  A dispute is not a case or controversy under Article III unless plaintiffs can establish "constitutional standing." Carolina Cas. Ins. Co. v. Pinnacol Assurance, 425 F.3d 921, 926 (10th Cir. 2005).  To establish constitutional standing, plaintiffs must show that (1) they have suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  Id.  Congress may expand the range or scope of injuries that are cognizable for purposes of Article III standing by enacting statutes which create legal rights.  See Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3 (1973).  Congress may also place additional restrictions on who can sue, imposing requirements of "statutory standing."  Carolina Cas. Ins., 425 F.3d at 926 (quotation

---

[3]        The City and Nicholson also assert that plaintiffs do not state a claim under 42 U.S.C. § 1983 and that plaintiffs have not pled an actual controversy and/or lack standing under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.  In the pretrial order, plaintiffs do not assert claims under Section 1983 or the DJA.  Plaintiffs have therefore abandoned any such claims.

The Court does not consider arguments raised for the first time in Nicholson's reply brief.

omitted). Because constitutional standing is necessary to the Court's jurisdiction, as a general rule it must be addressed before proceeding to the merits. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96-97, 97 n.2 (1998). On the other hand, the Court need not address statutory standing if it determines that plaintiffs lose on the merits anyway. See Robey v. Shapiro, Marianos & Cejda, L.L.C., 434 F.3d 1208, 1210-11 (10th Cir. 2006).

The City argues that plaintiffs' injury claim is merely conjectural and speculative.[4] In order to meet the first requirement of constitutional standing, plaintiffs must allege (and ultimately prove) that they have suffered an "injury in fact," i.e. a harm that is "concrete and actual or imminent, not conjectural or hypothetical." Steele, 523 U.S. at 103 (quotations and citations omitted). Defendant's motion to dismiss is based on the complaint, which alleges that the fire services contract "may result" in deteriorating fire protection services, increased taxes and lost jobs. Second Amended Complaint (Doc. #8) at 4 ¶ 15. In the pretrial order, however, plaintiffs allege that the contract "will" decrease the quality of fire protection services and cause an increase in taxes, and that as a result of the contract, Union members did lose their jobs. See Pretrial Order (Doc. #43) at 5. In other words, the complaint alleged conjectural or hypothetical injury as to what might result from the contract, but the pretrial order alleges that concrete and actual harm has occurred and will occur from the contract. As discussed supra, the pretrial order supercedes the pleadings and controls the subsequent course

---

[4]    Because this argument goes to constitutional standing, the Court addresses it before proceeding to the merits of plaintiffs' claims. See Robey, 434 F.3d at 1211 (citing Steele, 523 U.S. at 96-97, 97 n.2). The City's other arguments – that the Supremacy Clause does not confer a private right of action and that plaintiffs lack standing to assert a claim under K.S.A. § 60-907 – do not go to the issue of whether plaintiff has alleged constitutional standing, i.e. "injury in fact." See Robey, 434 F.3d at 1210-11. The Court will address these arguments below along with the merits of plaintiffs' claims.

of the case.  <u>See</u> Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(c); <u>Hernandez</u>, 671 F.2d at 407.  In ruling on defendant's motion to dismiss, the Court must accept plaintiffs' factual allegations as true.  <u>See United States v. Colo. Sup. Ct.</u>, 87 F.3d 1161, 1165 (10th Cir. 1996).  The allegations in the pretrial order are sufficiently concrete and actual or imminent to allege injury in fact.  <u>See</u> <u>id.</u>  The City's motion to dismiss is overruled on this ground.

## II.   Supremacy Clause

The Supremacy Clause of the United States Constitution states as follows:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const., Art. VI, cl. 2.  The City asserts that the Supremacy Clause does not give plaintiffs an implied or explicit cause of action.  Although the City couches its motion in terms of standing and jurisdiction, its argument goes to the merits of the claim, <u>i.e.</u> whether plaintiffs have stated a claim upon which relief may be granted.[5]  <u>See</u>, <u>e.g.</u>, <u>Legal Envtl. Assistance Found., Inc. v. Pegues</u>, 904 F.2d 640, 642 (11th Cir. 1990).

Plaintiffs respond that federal courts have recognized an implied right of action under the Supremacy Clause.  The cases which they cite, however, involve federal preemption under <u>Ex parte Young</u>, 209 U.S. 123 (1908).  Under this doctrine, courts have found that the Eleventh Amendment

---

[5]      In one paragraph of the 12-page memorandum in support of his motion to dismiss, Nicholson argues that plaintiffs do not state a claim for relief under the Supremacy Clause.  <u>See</u> <u>Memorandum In Support Of Defendant Nicholson's Motion To Dismiss</u> (Doc. #18) filed September 6, 2005 at 5.  The Court considers this argument in conjunction with the City's argument that the Supremacy Clause does not give plaintiffs a private cause of action.

does not bar claims which seek to enjoin state officials from violating the United States Constitution or other federal law.  See Joseph A. v. Ingram, 275 F.3d 1253, 1265 (10th Cir. 2002); Burgio & Campofelice, Inc., 107 F.3d 1000, 1006 (2d Cir. 1997).  Although some confusion exists as to what authority supports the doctrine, many commentators have concluded that "[t]he best explanation of Ex parte Young  and its progeny is that the Supremacy Clause creates an implied right of action for injunctive relief against state officers who are threatening to violate the federal Constitution or laws." Burgio, 107 F.3d at 1006 (quoting 13B Charles Alan Wright et al., Federal Practice and Procedure § 3566, at 102 (1984)).

Plaintiffs apparently contend that they state a cause of action under the Ex parte Young doctrine.  The problem with plaintiffs' argument is that they have not identified any state officials who have violated and/or are threatening to violate federal law.

Plaintiffs also cite Planned Parenthood of Houston & S.E. Tex. v. Sanchez, 403 F.3d 324, 335 (5th Cir. 2005), which recognized an implied right of action under the Supremacy Clause to seek injunctive relief from a state statute which is preempted by federal legislation enacted under the Spending Clause.  Plaintiffs' reliance on this case is curious, because they state that they "do not allege that the City's actions conflict with some federal statute that must be given supremacy." Plaintiffs' Response To Defendant City Of Leavenworth's Motion To Dismiss (Doc. #32) filed November 23, 2004 at 8.

In response to the City's motion to dismiss, plaintiffs state that their claim is that "the City's actions conflict with the basic concept of federal supremacy." Id.  Plaintiffs, however, identify no specific federal law or other federal right with which the City's actions purportedly conflict.  On this record, plaintiffs have not stated a claim for relief under the Supremacy Clause.

### III.    Remaining Claims

Plaintiffs' remaining claims – that Grittman had a conflict of interest when he voted in favor of the fire services contract and that granting the VA the right to renew the contract constitutes an illegal delegation of the City's governmental power and purports to bind future legislative bodies in violation of the reserved powers doctrine – arise under state law.  See Pretrial Order at 3.  Under 28 U.S.C. § 1367(a) & (c)(3), the Court has supplemental jurisdiction over state law claims which are integrally related to federal claims, but may refuse to exercise supplemental jurisdiction if it dismisses the federal claims.  In this case, the Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.  See Bauchman v. West High Sch., 132 F.3d 542, 549 (10th Cir. 1997).

**IT IS THEREFORE ORDERED** that Defendant Nicholson's Motion To Dismiss (Doc. #17) filed September 6, 2005 and Defendant City Of Leavenworth, Kansas' Motion To Dismiss (Doc. #28) filed October 24, 2005 be and hereby are **SUSTAINED in part.**  Plaintiffs' claim that the fire services protection contract violates the Supremacy Clause of the United States Constitution is dismissed for failure to state a claim upon which relief may be granted.

The Court declines to exercise supplemental jurisdiction over plaintiffs' remaining claims that the fire services protection contract (1) results from an illegal conflict of interest by the City's mayor and (2) binds future legislative bodies in violation of the reserved powers doctrine.  **IT IS THEREFORE FURTHER ORDERED** that these claims be dismissed without prejudice.

Dated this 17th day of April, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

9